IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Zoobuh, Inc.,<br><br>               Plaintiff,<br>v.<br><br>RAINBOW INTERNATIONAL CORP., a Colorado corporation; DOES 1-40, unknown business entities,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA**<br><br>Case No. 2:14-cv-00477-DN<br><br>District Judge David Nuffer |

On March 30, 2014, Stocktips.com ("Stocktips") filed a motion[1] to quash subpoena served by Plaintiff Zoobuh, Inc. ("Zoobuh") on third-party Moniker Online Services, LLC ("Moniker Subpoena"). For the reasons set for below, after reviewing the parties' memoranda and the relevant legal authorities, Stocktips' Motion to Quash is DENIED.

## BACKGROUND

On July 11, 2014, Zoobuh, a Utah Corporation, filed an Amended Complaint[2] against Rainbow International Corp. ("Rainbow"), a Colorado Corporation, seeking monetary damages and injunctive relief. Because Rainbow failed to appear and answer, Zoobuh obtained a default judgment against Rainbow in the amount of $6,741,701.32 plus post-judgment interest, and a permanent injunction prohibiting Rainbow from sending or causing to be sent email messages to Zoobuh and its customers.[3]

---

[1] Motion to Quash Subpoena Duces Tecum ("Motion to Quash") at 3, docket no. 24, filed March 30, 2015.

[2] Docket no. 3, filed July 11, 2014. Zoobuh filed its original Complaint on June 27, 2014, docket no. 2.

[3] Judgement by Default on First Amended Complaint, docket no. 23, filed February 11, 2015.

On March 10, 2015, Zoobuh served a subpoena *duces tecum* on Moniker Online Services, a website domain registrar.[4] The subpoena sought "[a]ny and all documents and/or records that assist in anyway in identifying the registrant(s) of the domain stocktips.com, from January 1, 2014 to present, including but not limited to: registration agreements, service agreements, correspondence, invoices, account information, etc."[5] "Stocktips.com is a website which provides information about corporate stocks for stock buyers."[6]

On March 30, 2015, Stocktips filed the present Motion to Quash, requesting that the Moniker Subpoena be quashed in its entirety, or in the alternative, the subpoena be modified by limiting the request for documents to that document which identifies the current registrant for the website www.stocktips.com.[7] Stocktips contends that the Moniker Subpoena should be quashed for the following reasons:

> (1) a default judgment has been entered in the underlying action thereby rendering discovery unnecessary and moot; (2) the Moniker Supoena is overly broad and unduly burdensome; and (3) some of the documents to be produced are confidential and proprietary and/or are considered trade secrets, and therefore should be protected from discovery.[8]

Zoobuh filed its opposition to the Motion to Quash on April 13, 2015.[9] A reply memorandum in support of the Motion to Quash was filed on April 24, 2015.[10]

---

[4] Subpoena Duces Tecum, docket no. 24-1, filed March 30, 2015; Motion to Quash at 3.

[5] Subpoena Duces Tecum at 2.

[6] Motion to Quash at 3.

[7] *Id.* at 2.

[8] *Id.*

[9] Opposition to Motion to Quash Subpoena Duces Tecus ("Opposition"), docket no. 25, filed April 13, 2015.

[10] Reply Memorandum in Support of Motion to Quash Subpoena Duces Tecum ("Reply"), docket no. 26, filed April 24, 2015.

## LEGAL STANDARD

As the Moniker Subpoena at issue was served in aid of the default judgment entered against Rainbow, Rule 69 of the Federal Rules of Civil Procedure governs the instant motion. Rule 69 provides, in relevant part: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."[11]  "In its efforts to enforce a judgment, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'"[12]  "A district court has broad latitude to determine the scope of discovery and to manage the discovery process."[13]

One of the discovery devices available under the rules is Rule 45 of the Federal Rules of Civil Procedure. It authorizes the issuance of a subpoena *duces tecum* seeking the production of documents (or other materials) from a nonparty.[14]  Rule 45 requires a court to quash or modify a subpoena in certain circumstances,[15] and permits it to do so in other circumstances.[16] The movant bears the burden of persuasion on a motion to quash.[17] Motions to quash under Rule 45 are "'entrusted to the sound discretion of the district court.'"[18]

---

[11] Fed.R.Civ.P. 69(a)(2).

[12] *GMA Accessories, Inc. v. Elec. Wonderland, Inc.,* 07-CV-3219-PKC-DF, 2012 WL 1933558 at *4 (S.D.N.Y. May 22, 2012) (Freeman, M.J.) (internal citation omitted).

[13] *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014)

[14] *GMA Accessories, Inc.,* 2012 WL 1933558 at *4.

[15] Fed.R.Civ.P. 45(d)(3)(A) (Subdivision (d) contains the provisions formerly in subdivision (c)).

[16] Fed.R.Civ.P. 45(d)(3)(B) ( Subdivision (d) contains the provisions formerly in subdivision (c)).

[17] *John Wiley & Sons, Inc. v. Doe Nos. 1–30,* 284 F.R.D. 185, 189 (S.D.N.Y.2012).

[18] *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders,* 211 F.3d 711, 720 (2d Cir. 2000).

## DISCUSSION

### A. Standing

Before analyzing the merits of Stocktips' objections to the Moniker Subpoena, it must first be determined whether Stocktips has standing to move to quash the subpoena. A motion to quash a subpoena "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[19]

Stocktips argues that it has a personal right to be protected because all of the documents requested pertain to Stocktips and some of the documents are privileged.[20] Zoobuh does not oppose this argument. The subpoena in question seeks "[a]ny and all documents and/or records that assist in anyway in identifying the registrant(s) of the domain stocktips.com, from January 1, 2014 to present, including but not limited to: registration agreements, service agreements, correspondence, invoices, account information, etc."[21] Because Stocktips has sufficient interest and a personal right with respect to the information sought by the Moniker Subpoena, Stocktips has standing to move to quash the Moniker Subpoena and to assert objections to the document requests contained therein.

### B. Discovery Has Not Been Rendered Moot

Stocktips argues that default judgment has mooted the need for the discovery requested in the Moniker Subpoena. Stocktips cites three cases in support of its contention.[22] None of the

---

[19] *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D.Kan. 1999); *see also* Charles Allen Wright & Arthur R. Miller, 9A *Federal Practice and Procedure* § 2459 (3d ed. 2008).

[20] Motion to Quash at 2, 5.

[21] *Id.* at 2.

[22] Stocktips cites to *Pierce Cnty. v. Guillen*, 537 U.S. 129, 141 n.5 (2003) (stating judgment on merits "would moot" discovery); *United States v. The Pride of Tex.*, 964 F. Supp. 986, 987 (E.D. Va. 1994) (granting of summary

three cases, however, deal with post-judgment discovery pursuant to Rule 69(a). Stocktips also contends that "[i]f the [Default] Judgment is working by preventing offending e-mails from being sent to Plaintiff, which Plaintiff appears to admit, then the Moniker Subpoena is irrelevant and moot, and there is no need for the discovery."[23] Stocktips' mootness argument is unavailing. In attempting to gather post judgment discovery pursuant to Rule 69, it is of no consequence whether or not the offending conduct has ceased.

### C. Stocktips Lacks Standing to Make an Overly Broad and Unduly Burdensome Argument

Stocktips argues that the Moniker Subpoena is overly broad and unduly burdensome. "[E]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden."[24] Similarly, a party lacks standing to challenge the subpoena on overly broad and relevance grounds.[25] Thus, Stocktips lacks standing to bring an overly broad and unduly burdensome argument.

---

judgment mooted discovery request); *Davis v. DuPont*, 729 F. Supp. 652 (E.D. Ark. 1989) (granting summary judgment mooted discovery dispute).

[23] Reply at 2.

[24] *Dallas Buyers Club, LLC v. John Does 1-20*, No. 14-CV-02481-WYD-MEH, 2014 WL 5326460, at *2 (D. Colo. Oct. 17, 2014); *see also Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) ("Even where a party has standing to quash a subpoena based on privilege . . . it still lacks standing to object on the basis of undue burden.") (citation omitted); *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427 (9th Cir. 2012) (interpreting "undue burden" language at Fed.R.Civ.P. 45(d)(1) to apply to "the burden associated with [subpoena] compliance" rather than "the burdens associated with guarding protected information."); *Malibu Media, LLC v. John Does 1–15*, No. 12–2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

[25] *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-CV-6811-CM-JCF, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party."); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995) ("In general, [a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." (internal quotation marks and citation omitted)); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS-HBP, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.").

### D.  Stocktips Has Not Met Its Burden of Establishing Privilege or Confidentiality

Stocktips also objects to the Moniker Subpoena on the grounds that it "requests production of documents containing privileged or confidential and commercially sensitive information, which would include competitively sensitive information and Stocktips.com's trade secrets, disclosure of which should not be required."[26] Stocktips, however, does not elaborate on the privileged or confidential nature of the requested documents. It is well established that the party asserting privilege or confidentiality has the burden of establishing that the privilege or confidentiality applies.[27] Generally, the claim "must be expressly made and supported by a sufficient description of the nature of the documents, communications, or things not produced so as to enable the demanding party to contest the claim."[28] Moreover, there is "no absolute privilege for trade secrets and similar confidential information."[29] "Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging the subpoena must make 'a strong showing that it has historically sought to maintain the confidentiality of this information.'"[30]  Stocktips has not satisfied its burden. It has failed to describe the confidential or privileged nature of the documents with sufficient particularity.

Notwithstanding Stocktips' failure to satisfy its burden, Zoobuh has stated that it "is willing to stipulate to limit the information to documentation sufficient to identify the owner of

---

[26] Motion to Quash at 5.

[27] *See McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Boyer v. Board of County Comm'rs*, 162 F.R.D. 687, 688 (D. Kan. 1995).

[28] *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994).

[29] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) (quoting *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981)).

[30] *Gonzales*, 234 F.R.D. at 684 (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 338 (N.D.Cal.1995)).

stocktips.com from November 1, 2014 to present."[31] Given that Zoobuh's intentions for issuing the Moniker Subpoena is to find out "what relationship, if any, exists between the owners of stocktips.com and Rainbow International Corp.," Zoobuh's willingness to limit its requested information is appropriate.[32]

IT IS HEREBY ORDERED that the Motion to Quash[33] is DENIED; however, the Moniker Subpoena is limited to documentation sufficient to identify the owner of Stocktips from November 1, 2014 to present.

Dated May 5, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[31] Opposition at 2–3.

[32] *Id.* at 2.

[33] Docket no. 24.