IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZOOBUH,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>RAINBOW INTERNATIONAL,<br><br>　　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14--cv-477 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

This matter is referred from Judge Nuffer to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(A).[1]  A default judgment in favor of Plaintiff and against Defendant Rainbow International was entered on February 11, 2015.[2]  The amount of the default is $6,741,701.32. Plaintiff has been unable to collect on the judgment and filed a motion for hearing to identify the judgment debtors' property.  The undersigned granted Plaintiff's motion and a hearing was set for April 20, 2016.[3]

The order granting the motion provided that if a party failed to attend, "you might be held in contempt of court and a warrant might be issued for your arrest."[4]  A copy of the order along with a debtor questionnaire was served upon the designee for Rainbow International, Donald Corn, on March 7, 2016.[5]  By way of affidavit, Plaintiff provides that the documents were

---

[1] Docket no. 30.

[2] Docket no. 23.

[3] Order dated February 26, 2016, docket no. 31.

[4] *Id.* p. 2.

[5] Certificate of Service, docket no. 32.

accepted by an individual who confirmed his identity as Donald Corn, "a gray-haired white male approx.. 55-65 years of age, 5'6" – 5'8" tall and weighing 200-240 lbs."[6]

The court held the scheduled hearing on April 20, 2016, and no appearance was made by the registered agent for Rainbow International Donald Corn.[7]  After hearing from Plaintiff's counsel, the court found that Mr. Corn has been given adequate notice and was properly served. Despite adequate notice, Mr. Corn failed to show up to identify the judgment debtors' property and as such may be held in contempt of court.

28 U.S.C. 636(e) outlines the contempt authority of a federal magistrate judge. Subsection (B)(iii) provides that if an act constitutes civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.[8]

The undersigned hereby certifies the above facts and findings made at the hearing held on April 20, 20016.  It is the opinion of the undersigned that Mr. Corn is acting in contempt of court.  The court therefore RECOMMENDS that a hearing be held as soon as practical before the district judge to hear the evidence and if necessary issue a bench warrant.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as

---

[6] Affidavit of Service, docket no. 32-1.

[7] Docket no. 33.

[8] 28 U.S.C. 636(e)(B)(iii).

provided by rules of court.[9] Any objection must be filed within this deadline.  Failure to object

may constitute a waiver of objections upon subsequent review.

DATED this 29 April 2016.

Brooke C. Wells
United States Magistrate Judge

---

[9] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.